IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LA QUINTA FRANCHISING LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:24-cv-2038-G-BN |
| § | |
| PIYUSH PATEL and MANISH PATEL, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff La Quinta Franchising LLC ("LQF") filed this breach of contract lawsuit against Defendants Piyush Patel and Manish Patel, who entered into a franchise agreement with LQF for the operation of a La Quinta in Jackson, Mississippi. *See* Dkt. No. 1. The Patels, proceeding *pro se*, answered. *See* Dkt. Nos. 7 & 8. Senior United States District Judge A. Joe Fish then referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 9.

The Court entered an initial pretrial order under Federal Rule of Civil Procedure 16(b) on October 22, 2024 [Dkt. No. 16] that provided in part that "[a]ll discovery must be initiated in time to be completed by April 7, 2025" and that, consistent with that discovery cutoff, "[a]ny motion to compel discovery or for a protective order must be filed by the later of (1) March 24, 2025 or (2) 10 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or

electronically stored information must be filed by April 10, 2025," *id.*, ¶ 4 (cleaned up); *see also id.*, ¶ 6 (setting May 7, 2025 as the deadline to file dispositive motions).

The Court has not extended these deadlines. *Cf.* Dkt. No. 21 (extending the parties' deadline to complete mediation).

And, from the entry of the Rule 16(b) scheduling order on October 22 through its deadlines related to discovery, neither side sought judicial intervention as to discovery disputes or deficiencies.

But, on May 7, LQF moved (1) to strike, under Federal Rule of Civil Procedure 37(b), the Patels' answers for their failures to so far respond to LQF's interrogatories and requests for production or, in the alternative, (2) to extend its deadline to file a motion for summary judgment. *See* Dkt. No. 23.

LQF argues that such relief is required because,

> [o]n November 6, 2024, LQF served Defendants with its Initial Disclosures. On January 30, 2025, LQF served Defendants with discovery requests, including Initial Interrogatories, a First Request for the Production of Documents, Request for Admissions, and deposition notices for Defendants. On March 25, 2025, Defendants responded to LQF's Request for Admissions, but failed to respond to LQF's Initial Interrogatories or First Request for the Production of Documents. On April 22, 2025, LQF served Defendants with a deficiency letter, which, in pertinent part, requested Defendants respond to LQF's Initial Interrogatories and First Request for the Production of Documents. LQF followed up with Defendants via email regarding the deficiency letter on April 28, 2025. By email response dated April 28, 2025, Defendants alleged that their original responses were mailed to The Bassett Firm, local counsel for LQF. On the contrary, The Bassett Firm, local counsel for LQF, has not received any responses from Defendants to date. By email dated April 28, 2025, LQF requested a digital copy of all the documents Defendants allegedly provided to The Bassett Firm. Defendants did not answer LQF's request. Before filing the Joint Status Report, on April 29, 2025, LQF requested Defendants' input on a draft of the report. Defendants did not answer LQF's request. On April 29,

> 2025, LQF sent Defendants, a copy of the April 24, 2025 Order [regarding mediation], via regular mail and certified mail return receipt requested, requiring the parties to file a joint status report.
>
> To date, Defendants have failed to provide certified responses to LQF's Initial Interrogatories and Request for the Production of Documents. Defendants have also failed to respond to LQF's April 22, 2025 deficiency letter and failed to provide availability for their depositions.

*Id.* at 2-3 (citations omitted).

Because the undersigned has authority to enter a nondispositive order denying a request for what might be considered a dispositive sanction, *see* 28 U.S.C. § 636(b); *see, e.g.*, *Siegel v. Compass Bank*, No. 3:18-cv-1023-X, 2021 WL 4498914, at *1 (N.D. Tex. Jan. 11, 2021) ("To determine whether a referred motion for sanctions is dispositive or non-dispositive, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b) applies. To allow otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of review." (cleaned up)), the Court DENIES LQF's motion in its entirety for the following reasons.

"Federal Rule of Civil Procedure 37(b)(2)(A) provides that, '[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders.'" *Keplar v. Google, LLC*, 346 F.R.D. 41, 52 (N.D. Tex. 2024) (quoting FED. R. CIV. P. 37(b)(2)(A)).

And "Rule 37(b)(2) empowers the courts to impose sanctions for failures to obey discovery orders." *Id.* at 53 (cleaned up).

These sanctions include "striking pleadings in whole or in part." FED. R. CIV. P. 37(b)(1)(A)(iii).

And

> [a]n order is not always a prerequisite to the imposition of Rule 37(b)(2) sanctions, which can be imposed even without an existing motion to compel[, s]ee *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)[, where t]he United States Court of Appeals for the Fifth Circuit [] approvingly cited another court's explanation that, "[i]n general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party."

*Keplar*, 346 F.R.D. at 54 (cleaned up).

As the record set out above reflects, no motion to compel was filed prior to LQF's moving to strike the Patels' answers. And, where "[LQF] does not allege, and has not shown, that [the Patels have] violated any previously-entered discovery order in this case," *Caliber Home Loans, Inc. v. Cove*, 346 F.R.D. 65, 70 (N.D. Tex. 2024), "[t]he Court [] declines [LQF's] invitation to read Rule 37(b)(2) broadly in this instance to impose sanctions for violating a discovery order in the absence of a prior order" and "declines to stretch to recommend a default judgment for [the Patels'] alleged discovery violations in the absence of any prior discovery order that [the Patels] could be shown to have violated," *Prairie Petfood Ingredients v. Hubbard Ingredients, LLC*, No. 3:21-CV-205-L, 2024 WL 4202368, at *2 (N.D. Tex. Sept. 16, 2024); *cf. Harris v. Copart, Inc.*, No. 3:16-cv-2980-D, 2018 WL 1136126, at *4 (N.D. Tex. Feb. 6, 2018) ("[B]efore seeking sanctions – much less dismissal – under Rule 37(d), Copart first should have obtained an order under Rule 37(a) directing that Mr.

Harris be sworn and testify." (citation omitted)), *rec. adopted*, 2018 WL 1128452 (N.D. Tex. Feb. 28, 2018).

As for LQF's alternative request, an extension of the deadline to move for summary judgment, the Court may reasonably infer that LQF needs more time to prepare a summary judgment motion because of the discovery deficiencies that LQF argues justify striking the Patels' answers. But LQF fails to cite Federal Rule of Civil Procedure 16(b)(4) in its motion and then explain how, considering that rule's good cause standard and the deadlines established by the Rule 16(b) pretrial order [Dkt. No. 16], LQF acted diligently to meet the existing (now expired) deadlines related to discovery, such that LQF may cross the threshold for a possible extension of the summary judgment deadline, where LQF waited until April 22 – after the discovery cutoff and its associated deadlines – to address alleged deficiencies in discovery it served on January 30. *See Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) ("'The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' Failure to meet that threshold is a sufficient reason to [deny a Rule 16(b)(4) motion]." (cleaned up; quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003))).

SO ORDERED.

DATE: May 13, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE