IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LA QUINTA FRANCHISING LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:24-cv-2038-G-BN |
| § | |
| PIYUSH PATEL and MANISH PATEL, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND SCHEDULING ORDER AND RETURNING CASE TO DISTRICT JUDGE FOR TRIAL**

Plaintiff La Quinta Franchising LLC ("LQF") filed this breach of contract lawsuit against Defendants Piyush Patel and Manish Patel, who entered into a franchise agreement with LQF for the operation of a La Quinta in Jackson, Mississippi. *See* Dkt. No. 1. The Patels, proceeding *pro se*, answered. *See* Dkt. Nos. 7 & 8. Senior United States District Judge A. Joe Fish then referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 9.

The Court entered an initial pretrial order under Federal Rule of Civil Procedure 16(b) [Dkt. No. 16] that provided in part that "[a]ll discovery must be initiated in time to be completed by April 7, 2025" and that, consistent with that discovery cutoff, "[a]ny motion to compel discovery or for a protective order must be filed by the later of (1) March 24, 2025 or (2) 10 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery

responses, or production of documents or electronically stored information must be filed by April 10, 2025," *id.*, ¶ 4 (cleaned up); *see also id.*, ¶ 6 (setting May 7, 2025 as the deadline to file dispositive motions).

The Court did not extend these deadlines. *Cf.* Dkt. No. 21 (extending the parties' deadline to complete mediation). And neither side filed motions for summary judgment.

And, from the entry of the Rule 16(b) scheduling order on October 22, 2024 through its deadlines related to discovery, neither side sought judicial intervention as to discovery disputes or deficiencies.

But, on May 7, 2025 LQF moved (1) to strike, under Federal Rule of Civil Procedure 37(b), the Patels' answers for their failures to so far respond to LQF's interrogatories and requests for production or, in the alternative, (2) to extend its deadline to file a motion for summary judgment. *See* Dkt. No. 23.

The Court denied LQF's motion in its entirety, observing as to the alternative request that

> the Court may reasonably infer that LQF needs more time to prepare a summary judgment motion because of the discovery deficiencies that LQF argues justify striking the Patels' answers. But LQF fails to cite Federal Rule of Civil Procedure 16(b)(4) in its motion and then explain how, considering that rule's good cause standard and the deadlines established by the Rule 16(b) pretrial order [Dkt. No. 16], LQF acted diligently to meet the existing (now expired) deadlines related to discovery, such that LQF may cross the threshold for a possible extension of the summary judgment deadline, where LQF waited until April 22 – after the discovery cutoff and its associated deadlines – to address alleged deficiencies in the responses to discovery it served on January 30. *See Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) ("'The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party

needing the extension.' Failure to meet that threshold is a sufficient reason to [deny a Rule 16(b)(4) motion]." (cleaned up; quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003))).

*La Quinta Franchising LLC v. Patel*, No. 3:24-cv-2038-G-BN, 2025 WL 1397527, at *3 (N.D. Tex. May 13, 2025).

Through a motion filed July 22, LQF now moves to amend the scheduling order under Rule 16(b)(4) – to revive the expired discovery and dispositive motions deadlines – explaining in part:

> On March 25, 2025, Defendants responded to LQF's Request for Admissions, but failed to respond to LQF's Initial Interrogatories or First Request for the Production of Documents. On April 22, 2025, LQF served Defendants with a deficiency letter, which, in pertinent part, requested Defendants respond to LQF's Initial Interrogatories and First Request for the Production of Documents. LQF followed up with Defendants via email regarding the deficiency letter on April 28, 2025. By email response dated April 28, 2025, Defendants stated that their original responses were mailed to The Bassett Firm, local counsel for LQF. On the contrary, The Bassett Firm, local counsel for LQF, did not and has not received Defendants' responses to date. By email dated April 28, 2025, LQF requested that Defendants provide a copy of the responses they allegedly mailed to The Bassett Firm. Defendants did not respond to LQF's request for a copy of their responses.
> Counsel for LQF failed to bring this issue to the Court's attention by March 12, 2025, as required by the Scheduling Order. Counsel for LQF can offer the Court no excuse other than the neglect of counsel to properly calendar this deadline and the difficulty in communicating with the pro se Defendants.

Dkt. No. 34 at 3 (citations omitted); *see also id.* at 4 ("After the Court denied LQF's Motion to Strike Defendants' Answer, LQF again repeatedly attempted to contact Defendants.").

As the Court has explained, Rule 16(b)(4)'s good cause standard applies to requests to amend a deadline imposed by the Court under Rule 16(b). And this "good

cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks*, 114 F.4th at 371 (cleaned up).

"Failure to meet that threshold" through a sufficient explanation is reason alone to deny a Rule 16(b)(4) motion. *Id.*

That is because "merely proffering *an* explanation is not enough. Rather, that explanation has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Id.* at 372 (emphasis in original; quoting *S&W Enters.*, 315 F.3d at 536); *cf. Puig v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

And inadvertence alone "is tantamount to no explanation at all." *S&W Enters.*, 315 F.3d at 536.

LQF has shown no more than inadvertence to explain its inability to meet the now-expired discovery and dispositive motions deadlines.

That is because the presence of a *pro se* litigant – and any difficulties that may cause that litigant, her opponent, or the Court – is alone not enough to find good cause under Rule 16(b)(4) where the movant fails to demonstrate its own diligence. *Cf. Smith v. Kelly*, No. C11-623-RAJ-JPD, 2012 WL 5248589, at *3 (W.D. Wash. Oct. 24, 2012) ("[I]t appears that despite his challenges as a *pro se* prisoner, plaintiff's conduct to date reflects the requisite diligence to warrant modification of the pretrial

scheduling order in order to enable appointed counsel to effectively advocate on his behalf.").

The Court therefore DENIES LQF's motion to amend the scheduling order [Dkt. No. 22].

And, because all pretrial proceedings have been completed, the undersigned requests that the Clerk of Court TERMINATE the pretrial management referral, RETURNING this case to the district judge for trial.

SO ORDERED.

DATE: August 11, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE